UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ALPHONSO L. WELCH,

                            Plaintiff,

                      v.

SWEETWORKS/NIAGARA CHOCOLATES,

                            Defendant.
_____

REPORT
and
RECOMMENDATION

13-CV-00129A(F)

APPEARANCES:        ALPHONSO L. WELCH, *Pro Se*
                             53 Marann Terrace
                             West Seneca, New York  14206

                             JAECKLE FLEISCHMANN & MUGEL, LLP
                             Attorneys for Defendant
                             SCOTT PATRICK HORTON, of Counsel
                             Avant Building, Suite 900
                             200 Delaware Avenue
                             Buffalo, New York  14202-2107

## JURISDICTION

This case was referred to the undersigned by Honorable Richard J. Arcara on April 30, 2013, for all pretrial matters including preparation of a report and recommendation on dispositive motions.  The matter is presently before the court on Defendant's motion to dismiss for failure to state a claim (Doc. No. 5), filed April 29, 2013.

## BACKGROUND and FACTS

Plaintiff Alphonso L. Welch ("Plaintiff" or "Welch"), proceeding *pro se*, commenced this employment discrimination action on February 7, 2013, alleging

employment discrimination against his employer, Defendant SweetWorks, Inc.[1] ("Defendant" or "SweetWorks").  The two claims for relief asserted by Plaintiff are sparse, alleging (1) Defendant, to retaliate against Plaintiff for "a past filing," has failed to pay Plaintiff his "proper wages" ("Retaliation Claim"); and (2) others employed in the same position as Plaintiff are treated differently by Defendant ("Discrimination Claim"). Although the Complaint's allegations fail to specify the type of "past filing" for which Defendant has allegedly retaliated against Plaintiff, or the ground on which Plaintiff's Discrimination Claim is based, the Notice of Right to Sue ("Right to Sue Letter"), attached to the Complaint provides some more detail.  Specifically, Plaintiff identifies an Equal Employment Opportunity Commission ("EEOC"), charge Plaintiff filed on October 23, 2007, complaining about disability discrimination as the impetus for two adverse employment actions taken against Plaintiff by Defendant in May 2012.  Plaintiff further maintains that although his work classification is as a "D-Operator," Plaintiff's job responsibilities are more consistent with those of an "A-Operator," such that Plaintiff has been paid the lower salary for a D-Operator as compared to an A-Operator, which Plaintiff attributes to the fact Plaintiff is black and disabled, and as retaliation for having earlier filed a claim with the EEOC.

On April 29, 2013, Defendant filed the instant motion (Doc. No. 5) ("Defendant's Motion"), seeking to dismiss the Complaint for failure to state a claim, supported by the attached Declaration of Scott P. Horton, Esq. (Doc. No. 5-1) ("Horton Declaration"), and Memorandum of Law in Support of Defendant SweetWorks, Inc.'s Motion to Dismiss (Doc. No. 5-2) ("Defendant's Memorandum").  On June 10, 2013, Plaintiff filed an

---

[1] Although Plaintiff incorrectly refers to his employer as "SweetWorks/Niagara Chocolates," Defendant explains that SweetWorks is the correct name of Plaintiff's employer, whereas Niagara Chocolates is a trade name utilized by SweetWorks.  Declaration of Sean P. Horton, Esq. (Doc. No. 5-1), ¶ 2.

Answer in opposition to Defendant's Motion (Doc. No. 9) ("Plaintiff's Response").  On July 22, 2013, Defendant filed the Reply Memorandum of Law in Further Support of SweetWorks, Inc.'s Motion to Dismiss (Doc. No. 12) ("Defendant's Reply").  On September 3, 2013, Plaintiff filed the Reply Memorandum of Law in Further Support of Plaintiff's Motion for Motion Not to Dismiss (Doc. No. 13) ("Plaintiff's Sur-Reply").[2]  Oral argument was deemed unnecessary.

Based on the following, Defendant's Motion should be GRANTED.

## **DISCUSSION**

On a motion to dismiss under Fed.R.Civ.P. 12(b)(6) ("Rule 12(b)(6)"), the court looks to the four corners of the complaint and is required to accept the plaintiff's allegations as true and to construe those allegations in the light most favorable to the plaintiff.  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Goldstein v. Pataki*, 516 F.3d 50, 56 (2d Cir. 2008) (court is required to liberally construe the complaint, accept as true all factual allegations in the complaint, and draw all reasonable inferences in the plaintiff's favor).  The Supreme Court requires application of "a 'plausibility standard,' which is guided by '[t]wo working principles.'"  *Harris v. Mills*, 572 F.3d 66, 71-72 (2d Cir. 2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "First, although 'a court must accept as true all of the allegations contained in a complaint,' that 'tenet' 'is inapplicable to legal conclusions,' and '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'"  *Harris*, 572 F.3d at 72 (quoting *Iqbal*, 556 U.S. at 678).  "'Second, only a complaint that states a plausible claim for relief

---

[2] Although Plaintiff's Sur-Reply was filed without leave of the court, Defendant has not moved to strike the Sur-Reply.

survives a motion to dismiss,' and '[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim will have 'facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Sykes v. Bank of America*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Ashcroft*, 556 U.S. at 678); *see Twombly*, 550 U.S. at 570 (the complaint must plead "enough facts to state a claim to relief that is plausible on its face"). The factual allegations of the complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Twombly*, 550 U.S. at 570.

Further, "[*p*]*ro se* complaints must be liberally construed and interpreted to raise the strongest arguments they suggest." *Sykes*, 723 F.3d at 403 (internal quotation marks and citation omitted). "'In adjudicating a motion to dismiss, a court may consider only the complaint, any written instrument attached, and any document upon which the complaint heavily relies.'" *ASARCO LLC v. Goodwin*, __ F.3d __, 2014 WL 2870117, at * 5 (2d Cir. June 25, 2014) (quoting *In re Thelen LLP*, 736 F.3d 213, 219 (2d Cir. 2013)). Here, Plaintiff has attached to the Complaint a copy of the Charge of Discrimination ("Charge") filed with the EEOC in connection with his instant claims, and a copy of the EEOC's Notice of Right to Sue Letter ("Right to Sue Letter") issued with regard to such

claims. Nevertheless, even a liberal construction of the Complaint, including the attached Charge and Right to Sue Letter, fails to set forth sufficient factual allegations to state a plausible claim for relief.

Preliminarily, the court addresses Defendant's argument in support of dismissal that the Complaint fails to identify the statutory basis for either of Plaintiff's claims. Defendant's Memorandum at 2-3. Although not alleged within the confines of the actual Complaint, the Charge and Right to Sue Letter specify that Title VII of the Civil Rights Act of 1964, § 701 *et seq.*, 42 U.S.C. § 2000e *et seq.* ("Title VII"), provides the statutory basis for Plaintiff's claim that he was subjected to retaliation based on his earlier filing of an EEOC charge, and the employment discrimination claim insofar as it is based on race, whereas the Americans with Disabilities Act of 1990, § 202, 42 U.S.C. § 12132 ("the ADA"), is the statutory basis insofar as Plaintiff's employment discrimination claim is based on an unspecified disability. Nevertheless, despite proper reference to Title VII and the ADA, the Complaint still fails to state any plausible claim for relief under either Title VII or the ADA.

Regardless of whether the alleged employment discrimination is based on race, religion, national origin, age, or disability, courts analyze disparate treatment claims under the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Demoret v. Zegarelli*, 451 F.3d 140, 151 (2d Cir. 2006). Specifically, the plaintiff must first establish a *prima facie* case of employment discrimination, after which the burden shifts to the defendant to provide a legitimate, non-discriminatory reason for the alleged disparate treatment, thus shifting the burden back to plaintiff to establish that defendant's proffered legitimate non-discriminatory reason is mere pretext. *Demoret*,

351 F.3d at 151 (citing *McDonnell Douglas*, 411 U.S. at 802-04).  The *McDonnell Douglas* framework covers employment discrimination claims brought under Title VII which "prohibits employment-related discrimination on the basis of race, color, religion, sex or national origin and retaliation against employees who complaint about discrimination," *Mathirampuzha v. Potter*, 548 F.3d 70, 74 and 78 (2d Cir. 2008) ("Title VII claims are ordinarily analyzed under the familiar burden-shifting framework of *McDonnell Douglas Corp.* v. Green, 411 U.S. 792 (1973), and its progeny."), and the ADA, *McBride v. BIC Consumer Products Manufacturing Company, Inc.*, 583 F.3d 92, (2d Cir. 2009) ("Claims alleging disability discrimination in violation of the ADA are subject to the burden-shifting analysis originally established by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).").  As such, all of Plaintiff's claims, if sufficiently stated, would be analyzed under the *McDonnell Douglas* burden-shifting test.

To survive a motion to dismiss, however, a plaintiff asserting employment discrimination claims "need not allege 'specific facts establishing a *prima facie* case of discrimination'" under *McDonnell Douglas*.  *Boykin v. Keycorp*, 521 F.3d 202, 212 (2d Cir. 2008) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002)).  Specifically, "the *McDonnell Douglas* burden-shifting framework 'is an evidentiary standard, not a pleading requirement' . . . [such] that to require more than Rule 8(a)'s 'simplified notice pleading standard' would unjustly impose a heightened pleading requirement on the plaintiff."  *Boykin*, 521 F.3d at 212 (quoting *Swierkiewicz*, 534 U.S. at 510, and 512-13).  Significantly, the Second Circuit has recognized that *Swierkiewicz* applies to the same employment discrimination claims that are subject to the *McDonnell*

6

*Douglas* burden-shifting analysis, *Boykin*, 521 F.3d at 213, here, Plaintiff's race-based disparate treatment and disability claims.

"Asking for plausible grounds to infer [employment discrimination] does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [employment discrimination]." *Twombly*, 550 U.S. at 556. "Specific facts are not necessary," because the plaintiff "need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93 (quoting *Twombly*, 550 U.S. at 555). Thus, although Plaintiff need not plead sufficient facts to establish a *prima facie* case of employment discrimination to survive Defendant's motion, the court considers the elements of a *prima facie* case in determining whether there is sufficient factual matter in the Complaint which, if true, gives Defendant "fair notice" of Plaintiff's employment discrimination claims and the grounds on which such claims rest. *Erickson*, 551 U.S. at 93. In determining whether sufficient facts in the Complaint provide Defendant with "fair notice" of the grounds on which Plaintiff's employment discrimination claims rest, the court liberally construes the Complaint with an eye toward the elements of an employment discrimination claim.

Establishing a p*rima facie* case of employment discrimination under Title VII requires the plaintiff demonstrate (1) membership in a protected class; (2) qualification for the job in question; (3) an adverse employment action; and (4) circumstances supporting an inference of discrimination, *i.e.*, a causal connection between the adverse employment action and membership in the protected class. *Kirkland v. Cablevision Systems*, __ F.3d __; 2014 WL 3686090, at * 1 (2d Cir. July 25, 2014). Although

Plaintiff "need not allege 'specific facts establishing a *prima facie* case of discrimination'" under *McDonnell Douglas*," *Boykin*, 521 F.3d at 212 (quoting *Swierkiewicz*, 534 U.S. at 508), absent any facts sufficient to provide Defendant with "fair notice" of the grounds on which such claims rest, the Complaint must be dismissed. *Erickson*, 551 U.S. at 93.

As to Plaintiff's disparate treatment claim, although Plaintiff's race, black, places him in a protected class, and the fact of Plaintiff's promotion, revealed only in Plaintiff's Sur-Reply, can, upon liberal construction, establish Plaintiff was qualified for his job, Plaintiff alleged in the Charge that he was disciplined for a mistake committed by a white employee Plaintiff was training, whereas when another black employee committed a mistake in training, the black employee was disciplined, but the white employee training him was not. Significantly, however, the only alleged discipline Plaintiff asserts he received for the white employee's training mistake was being "written up," which, by itself, does not qualify as an adverse employment action. *See Weeks v. New York*, 273 F.3d 76, 86 (2d Cir. 2001) (issuance of "notice of discipline" and "counseling memo" to female African-American state parole officer does not qualify as adverse employment action despite fact that non-minority, male state parole officers did not receive similar notices or memos under similar circumstances) *abrogated on other grounds by Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002). Rather, "[a] plaintiff sustains an adverse employment action if he or she endures a 'materially adverse change' in the terms and conditions of employment." *Galabya v. N.Y.C. Bd. of Educ.*, 202 F.3d 636, 640 (2d Cir. 2010) (citing cases). "'A materially adverse change might be indicated by a termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material

8

responsibilities, or other indices . . . unique to a particular situation.'" *Id.* (quoting *Crady v. Liberty Nat. Bank & Trust Co. of Indiana*, 993 F.2d 132, 136 (2d Cir. 1993)). Accordingly, the Complaint is devoid of sufficient facts providing Defendant with fair notice as to the grounds for Plaintiff's race-based employment discrimination claim asserted and cognizable under Title VII.

With regard to Plaintiff's employment discrimination claim based on disability, the ADA only protects Plaintiff if Plaintiff is a "qualified individual with a disability," 42 U.S.C. § 12112(a), defined as "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). *See McBride*, 583 F.3d at 96 (discussing substantive standard for an ADA claim). Under the ADA, as relevant to the instant case, "disability" is defined as "a physical or mental impairment that substantially limits one or more major life activities of [the] individual." 42 U.S.C. § 12102(1)(A). Further, "to be substantially limited . . . an individual must have an impairment that prevents or severely restricts the individual from doing activities that are of central importance to most people's daily lives." *Toyota Mfg., Kentucky, Inc. v. Williams*, 534 U.S. 184, 198 (2002).

Although a plaintiff need not establish every element of a *prima facie* case of disability-based employment discrimination to survive Defendant's motion, *Boykin*, 521 F.3d at 212 (quoting *Swierkiewicz*, 534 U.S. at 508), absent any facts sufficient to provide Defendant with "fair notice" of the grounds on which such claim rests, the complaint must be dismissed. *Erickson*, 127 S.Ct. at 2200. As such, the court bears in mind that the elements of a *prima facie* case of disability-based employment

discrimination include (1) the employer is subject to the ADA; (2), the plaintiff is disabled within the meaning of the ADA or is so perceived by his employer; (3) the plaintiff was otherwise qualified to perform the essential functions of the job, with or without a reasonable accommodation of the disability; and (4) the plaintiff suffered an adverse employment action because of the disability. *Brady v. Wal-Mart Stores, Inc.*, 531 F.3d 127, 134 (2d Cir. 2008).

      Here, Plaintiff fails to specify his alleged disability such that the court is unable to determine whether Plaintiff's disability can plausibly be found to "severely restrict" Plaintiff "from doing activities that are of central importance to most people's daily lives." *Williams*, 534 U.S. at 198. Plaintiff also fails to allege any facts providing Defendant with fair notice that such medical issues in any way rendered Plaintiff disabled within the meaning of the ADA, that Defendant was even aware of Plaintiff's disability, or that Plaintiff ever requested and was denied any reasonable accommodation of such disability. As such, the Complaint is devoid of sufficient facts to give Defendant fair notice of the grounds on which Plaintiff's ADA claim rests.

      Finally, "[t]o state a claim for retaliation in violation of Title VII, a plaintiff must plead facts that would tend to show that: (1) she participated in protected activity known to the defendant; (2) the defendant took an employment action disadvantaging her; and (3) there exists a causal connection between the protected activity and the adverse action." *Patane v. Clark*, 508 F.3d 106, 115 (2d Cir. 2007) (citing *Feingold v. New York*, 366 F.3d 138, 156 (2d Cir. 2004)). In the instant case, in his Sur-Reply, Plaintiff limits his race-based employment retaliation claim to Defendant's alleged paying Plaintiff as a "D" Operator, although Plaintiff's job responsibilities are as an "A" Operator, for which

his pay should be higher.  Plaintiff's Sur-Reply at 1.  Plaintiff maintains that although Plaintiff has been promoted, thereby attaining the higher wage rate, Defendant has refused to pay Plaintiff back wages for the time Plaintiff performed "A" Operator duties, yet paid Plaintiff only for "D" Operator duties.[3]  *Id.*  Plaintiff further maintains that such claim asserts violations under the Equal Pay Act of 1963 and New York common contract law.  *Id.* at 2.

With regard to Plaintiff's recent assertions of violations of the Equal Pay Act of 1963, and New York common contract law, nothing in the Complaint, including the attached Charge and Right to Sue Letter, gives any indication of any such claim.  Accordingly, the Complaint does not plausibly state any claim for relief based on the Equal Pay Act of 1963 or New York common law of contracts, and the court need not further entertain such belated assertions.

Although Plaintiff's filing of the earlier EEOC charge constitutes a protected activity, and Defendant's failure to pay Plaintiff the full wages to which he was entitled constitutes an adverse employment action, the Complaint fails to allege any causal connection between Plaintiff's filing of the earlier EEOC charge and Defendant's decision to fail to pay Plaintiff wages due based on Plaintiff's job responsibilities and duties.  Specifically, it is not possible to determine when Defendant allegedly commenced paying Plaintiff the full wages to which Plaintiff asserts he was owed based on his job responsibilities, such that it is also not possible to attribute the alleged decreased pay to Plaintiff's filing of the earlier EEOC charge in 2007, and Plaintiff's belated assertion that he has been promoted and now receives higher wages is

---

[3] It is not clear from Plaintiff's Sur-Reply whether Plaintiff was promoted to an "A" Operator position, or whether Plaintiff's current rate of pay is consistent with that of an "A" Operator position.

inconsistent with Plaintiff's assertion that that he was paid lower wages in retaliation for filing the earlier EEOC charge.  Accordingly, Plaintiff has failed to state a retaliation claim against Defendant.

## **CONCLUSION**

Based on the foregoing, Defendant's motion (Doc. No. 5), should be GRANTED; the Complaint should be DISMISSED without prejudice and with leave to file **within 30 days** of the District Judge's decision on this Report and Recommendation, an amended complaint setting forth sufficient factual allegations stating a plausible claim for relief.

Respectfully submitted,

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:	August 21, 2014
		Buffalo, New York

**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(d) of the Federal Rules of Civil Procedure and Local Rule 72.3.

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Limited*, 838 F.2d 55 (2d Cir. 1988).

Let the Clerk send a copy of this Report and Recommendation to the Plaintiff and to the attorneys for the Defendant.

SO ORDERED.

/s/ *Leslie G. Foschio*
_____

LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:	August 21, 2014
	Buffalo, New York